## AGREEMENT AND GENERAL RELEASE

On this 31 day of July, 2012, Seacrest Services, Inc. and Richard K. Fowler, individually (collectively, the "Company") and Steve Williams ("Williams"), agree to the terms and conditions set forth below:

**WHEREAS**, in April 2011, Williams initiated a workers' compensation claim against Seacrest Services, Inc., which action is styled: *Steve Williams v. Seacrest Services, Inc.*, Case No. 11-009744-GBH ("Workers' Compensation Claim");

**WHEREAS**, in June 2012, Williams initiated a civil action against the Company, which action is styled: *Steve Williams v. Seacrest Services, Inc., and Richard K. Fowler, individually*, Case No.: 12-22049-CIV-LENARD/O'SULLIVAN, in the United States District Court, Southern District of Florida (the "Action");

**WHEREAS**, the Company has denied and continues to deny the claims and allegations asserted in the Action that any money is owed to Williams, or any wrongdoing whatsoever;

**WHEREAS**, the parties wish to settle their differences and resolve any and all disputes and obligations between them, including without limitation, all claims that were or could have been raised by Williams in the Action and any and all claims arising from Williams's employment with or separation from the Company, with the exception of Williams's Workers' Compensation Claim;

**WHEREAS**, in consideration of the covenants and mutual promises contained in the Agreement and General Release, the parties agree as follows:

1. **Recitals**. The above recitals are true and correct and are incorporated herein by reference for all purposes.

2. **Payment**. After the Company's receipt of this Agreement and General Release and a Stipulation of Dismissal in the form attached hereto as Exhibit "B", fully executed by Williams, and following the Court's dismissal of the Action with Prejudice, the Company will pay Four Thousand Five Hundred Dollars and No Cents ($4,500.00) in full satisfaction of any and all of his claims, with the exception of his Workers' Compensation Claim, as follows:

    (a) Within five (5) business days following the Company's receipt of this Agreement and General Release fully executed by Williams and the Court's dismissal of the Action with Prejudice, the Company will deliver to Williams, in care of his attorneys, one check in the gross amount of Seven Hundred Dollars and No Cents ($700.00), less applicable withholdings, payable to Steve Williams, representing all of Williams's alleged back and overtime wages, for which Williams will receive a Form W-2.

    (b) Within five (5) business days following the Company's receipt of this Agreement and General Release fully executed by Williams and the Court's dismissal of the Action with Prejudice, the Company will deliver to Williams, in care of his attorneys, one check in the amount of Seven Hundred Dollars and No Cents ($700.00), payable to Steve Williams,

1

representing all of Williams's alleged liquidated damages, for which Williams will receive a Form 1099.

(c) Within five (5) business days following the Company's receipt of this Agreement and General Release fully executed by Williams and the Court's dismissal of the Action with Prejudice, the Company will deliver to Williams's attorneys one check in the amount of Three Thousand One Hundred Dollars and No Cents ($3,100.00) payable to Jaffe Glenn Law Group, P.A., Tax I.D. # 35-2436111, representing all attorneys' fees and costs incurred by Williams in the Action, for which Jaffe Glenn Law Group, P.A. and Williams will each receive a Form 1099.

(d) Without limiting the generality or force or effect of the General Release provided for in this Agreement, it is explicitly agreed, understood and intended that any and all monies to be paid by the Company pursuant to the provisions of paragraphs 2(a), (b) and (c) above are and shall be deemed to satisfy all claims by Williams for backpay, overtime pay, frontpay, bonus payments, attorneys' fees, severance payments, benefits or compensation of any kind (or the value thereof), and/or costs, interest, liquidated damages, compensatory damages or punitive damages (under any applicable statute or at common law), with the exception of Williams's Workers' Compensation Claim.

(e) Williams hereby agrees and acknowledges that the payments provided for in this Agreement (i) exceed any payments, benefit, or other thing of value to which he might otherwise be entitled under any policy, plan or procedure of the Company; (ii) are in full discharge of any and all of the Company's liabilities and obligations to Williams, including but not limited to any and all obligations arising under any alleged written or oral employment agreements, understandings or arrangements between Williams and the Company, with the exception of Williams's Workers' Compensation Claim; (iii) are in full discharge of any and all claims against the Company or any of its past, present, or future parent corporations, subsidiaries, divisions, affiliates, officers, directors, agents, trustees, administrators, insurers, attorneys, employees, employee benefit and/or pension plans or funds (including qualified and non-qualified plans or funds), successors and/or assigns and any of its or their past, present or future parent corporations, subsidiaries, divisions, affiliates, officers, directors, agents, trustees, administrators, insurers, attorneys, employees, employee benefit and/or pension plans or funds (including qualified and non-qualified plans or funds), successors and/or assigns (whether acting as agents for the Company or in their individual capacities) for damages of any kind, with the exception of Williams's Workers' Compensation Claim; and (iv) fully and completely settle all claims, with the exception of Workers' Compensation Claim, by Williams against the Company or any of its past, present, or future parent corporations, subsidiaries, divisions, affiliates, officers, directors, agents, trustees, administrators, insurers, attorneys, employees, employee benefit and/or pension plans or funds (including qualified and non- qualified plans or funds), successors and/or assigns and any of its or their past, present or future parent corporations, subsidiaries, divisions, affiliates, officers, directors, agents, trustees, administrators, insurers, attorneys, employees, employee benefit and/or pension plans or funds (including qualified and non-qualified plans or funds) (whether acting as agents for the Company or in their individual capacities) for attorney's fees, costs, disbursements and the like. Nothing in this paragraph shall be construed to add to or diminish any vested right Williams may have as a participant in any

employee benefit plan qualified under § 401 of the Internal Revenue Code, in accordance with applicable law.

      3.    **General Release**. Upon execution of this Agreement, Williams shall provide to the Company a fully executed General Release, annexed as Exhibit A.

      4.    **Actions**. Williams represents and warrants that by virtue of the foregoing, he has waived any relief available to him (including without limitation, monetary damages, equitable relief and reinstatement) under any of the claims and/or causes of action waived in the General Release, annexed as Exhibit A, with the exception of Williams's Workers' Compensation Claim. Therefore, he agrees that he will not seek or accept any award or settlement from any source or proceeding (including but not limited to any proceeding brought by any other person or by any government agency) with respect to any claim or right waived in the General Release annexed as Exhibit A, with the exception of Williams's Workers' Compensation Claim. Williams further affirms that he has been paid and/or received all leave (paid or unpaid), compensation, wages, bonuses, severance or termination pay, commissions, notice period, and/or benefits under any benefit plan, program or policy of the Company or its affiliates to which he may be entitled and that no other remuneration or benefits are due to him, except as set forth in this Agreement. Williams further affirms that, with the exception of his Workers' Compensation Claim, he has had no additional known workplace injuries or occupational diseases and has been provided any and all leave requested under the Family and Medical Leave Act. He further affirms that he has disclosed to the Company any information he has concerning any conduct involving the Company, and any of its affiliates or any of their respective employees that he has any reason to believe may be fraudulent or unlawful. He further agrees, to the maximum extent permitted by law, that he will not, at any time hereafter, commence, maintain, prosecute in as a party, or permit to be filed by any other person on his behalf, any action or proceeding of any kind (judicial or administrative) (on his own behalf and/or on behalf of any other person and/or on behalf of or as a member of any alleged class of person) in any court or agency, or participate in any action, suit or proceeding (unless compelled by legal process or court order), against the Company or any of its past, present, or future parent corporations, subsidiaries, divisions, affiliates, officers, directors, agents, trustees, administrators, insurers, attorneys, employees, employee benefit and/or pension plans or funds (including qualified and non-qualified plans or funds), successors and/or assigns and any of its or their past, present or future parent corporations, subsidiaries, divisions, affiliates, officers, directors, agents, trustees, administrators, insurers, attorneys, employees, employee benefit and/or pension plans or funds (including qualified and non-qualified plans or funds), successors and/or assigns (whether acting as agents for the Company or in their individual capacities), with respect to any claim released pursuant to the General Release annexed as Exhibit A. Williams also warrants and represents that, with the exception of his Workers' Compensation Claim and the Action, as of the date he signs this Agreement, he has not taken or engaged in any of the acts described in the foregoing sentences. If, notwithstanding the foregoing promises, he violates this paragraph 4, he shall be required, to the maximum extent permitted by law, to indemnify and hold harmless the Company or any of its past, present, or future parent corporations, subsidiaries, divisions, affiliates, officers, directors, agents, trustees, administrators, insurers, attorneys, employees, employee benefit and/or pension plans or funds (including qualified and non-qualified plans or funds), successors and/or assigns and any of its or their past, present or future parent corporations, subsidiaries, divisions, affiliates, officers, directors, agents, trustees, administrators, insurers, attorneys,

3

employees, employee benefit and/or pension plans or funds (including qualified and non-qualified plans or funds), successors and/or assigns (whether acting as agents for the Company or in their individual capacities), from and against any and all demands, assessments, judgments, costs, damages, losses and liabilities, and attorneys' fees and other expenses which result from, or are incident to, such violation. Nothing in this Agreement shall be construed to prevent Williams from responding truthfully to a valid subpoena, from filing a charge with, or participating in, any investigation conducted by a governmental agency including EEOC and/or any local human rights agency, and/or responding as otherwise required by law. Nevertheless, by virtue of the foregoing, Williams has waived any relief available to him under any of the claims or causes of action waived and released pursuant to the General Release annexed as Exhibit A.

5. **Confidentiality**.

(a) Williams agrees that the terms and conditions of this Agreement and General Release, as well as the circumstances leading thereto, are and shall be deemed to be fully confidential and have not been previously and shall not hereafter be disclosed by Williams to any other person or entity, except (i) as may be required by law; and (ii) that Williams may disclose the existence, terms, and conditions of this Agreement and General Release to his attorneys, accountants and/or spouse, provided that Williams makes the person to whom disclosure is made aware of the confidentiality provisions of this Agreement and General Release and such person agrees to keep the terms of this Agreement and General Release fully confidential. Additionally, Williams agrees not to solicit or initiate any demand by others not party to this Agreement for any disclosure of the existence, terms, and conditions of this Agreement and General Release. Williams further agrees that if he is asked by any person or entity not listed in 5(a)(ii) above about the outcome of the Action, Williams can only respond that: "the matter has been resolved."

(b) Any claim or counterclaim by the Company to enforce this Agreement and General Release shall not be deemed retaliatory.

6. **Not an Admission**. The making of this Agreement is not intended, and shall not be construed, as an admission that the Company or any of its past, present, or future parent corporations, subsidiaries, divisions, affiliates, officers, directors, agents, trustees, administrators, insurers, attorneys, employees, employee benefit and/or pension plans or funds (including qualified and non-qualified plans or funds), successors and/or assigns and any of its or their past, present or future parent corporations, subsidiaries, divisions, affiliates, officers, directors, agents, trustees, administrators, insurers, attorneys, employees, employee benefit and/or pension plans or funds (including qualified and non-qualified plans or funds), successors and/or assigns (whether acting as agents for the Company or in their individual capacities), has violated any federal, state or local law (statutory or decisional), ordinance or regulation, breached any contract or committed any wrongdoing whatsoever against Williams or otherwise.

7. **Non-Disparagement**. Williams agrees that he has not previously and will not hereafter (i) make any oral or written negative or derogatory statements or disparage or induce others to disparage (whether or not such statement legally constitutes libel or slander) the Company or any of its past, present or future parent corporations, subsidiaries, division, affiliates, current or former officers, directors, agents, trustees, administrators, insurers,

4

attorneys, employees or agents; or (ii) engage in any conduct (other than his Workers' Compensation Claim) that is in any way injurious to the Company or any of its past, present or future parent corporations, subsidiaries, division, affiliates, current or former officers, directors, agents, trustees, administrators, insurers, attorneys, employees or agents (including without limitation, any negative or derogatory statements or writings).

8. **Careful Review of Agreement and Understanding of Release.** Williams acknowledges that he has been afforded an opportunity to consider the terms of this Agreement and General Release for a reasonable time prior to its execution and was represented by legal counsel. Williams further acknowledges that he has read this Agreement and General Release in its entirety; that he fully understands all of its terms and their significance; and he has signed it voluntarily and of his own free will; and that he intends to abide by its provisions without exception.

9. **Severability.**

(a) If, at any time after the date of the execution of this Agreement and General Release, any provision of this Agreement shall be held to be illegal, void or unenforceable, such provision shall be of no force and effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the enforceability of, any other provision of this Agreement. Further, if, pursuant to the forum selection clause in paragraph 11(b) below, the tribunal should determine that any portion of this Agreement is overbroad or unreasonable, such provision shall be given effect to the maximum extent possible by narrowing or enforcing in part that aspect of the provision found overbroad or unreasonable. Additionally, Williams agrees that any breach by him of paragraphs 4, 5 and/or 7, shall constitute a material breach of this Agreement as to which the Company may seek all relief available under the law including attorney's fees and costs (if it is the prevailing party). In addition to any other remedies provided in this Agreement, Williams understands that in the event of a breach of this Agreement by Williams, he shall forfeit any other payment by the Company specified in paragraph 2 of this Agreement that has not been paid at the time of the breach. Notwithstanding the foregoing, Williams agrees that the Company may continue to enforce the provisions of this Agreement.

(b) Upon any finding by the tribunal, pursuant to the forum selection clause in paragraph 11(b) below, that the release or covenants provided for by paragraphs 4, 5 and/or Exhibit A of this Agreement are illegal, void, or unenforceable, Williams agrees, at the Company's request, either to return promptly to the Company the amount paid to him pursuant to this Agreement or to execute a release, waiver and/or covenant of comparable scope that is legal and enforceable. Further, if Williams seeks to challenge the validity of or otherwise vitiate this Agreement or any provision thereof (including, without limitation paragraphs 4, 5 and/or Exhibit A), he shall, as a precondition, be required to repay to the Company, to the maximum extent permitted by law, the amount paid to him pursuant to this Agreement.

10. **Complete Agreement.** This Agreement and General Release constitutes the complete understanding between the parties and supersedes all prior agreements between the parties and may not be changed orally. Williams acknowledges that neither the Company nor any representative of the Company has made any representation or promises to him other than as

5

set forth herein. No other promises or agreements shall be binding unless in writing and signed by the parties.

11. **Governing Law**.

(a) This Agreement and General Release shall, for all purposes, be enforced, governed and interpreted by the laws of Florida without regard to Florida's conflict of laws principles.

(b) With the exception of a breach of the provisions of paragraph 5 by Williams for which the Company may file a civil action seeking damages and immediate injunctive relief, any other controversy or claim arising out of or relating to this Agreement and General Release, or the breach thereof, including any issue of attorneys' fees, shall be settled by a confidential arbitration conducted in Pam Beach County, Florida pursuant to the American Arbitration Association's National Rules for the Resolution of Employment Disputes, with the additional proviso that all steps necessary to ensure the confidentiality of the proceedings and the arbitrator's award will be added to the basic rule requirements. The Company and Williams expressly agree to waive their right to have a circuit court determine the issue of attorneys' fees pursuant to § 682.11, Fla. Stat. Judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction thereof. Both parties agree that no other forum other than a mutually agreed upon one or the American Arbitration Association will be utilized to resolve any dispute and the resort to any other forum is a breach of this Agreement and General Release.

12. **Counterparts**. This Agreement and General Release may be executed in several counterparts, each of which shall be deemed as an original, but all of which together shall constitute one and the same instrument.

13. **Binding Effect**. This Agreement and General Release is binding upon, and shall inure to the benefit of, the parties and their respective heirs, executors, administrators, successors and assigns.

14. **Interpretation**. Should any provision of this Agreement and General Release require interpretation or construction, it is agreed by the parties that the entity interpreting or construing this Agreement and General Release shall not apply a presumption that the provisions hereof shall be more strictly construed against one party by reason of the rule of construction that a document is to be construed more strictly against the party who prepared the Agreement and General Release, it being agreed that all parties have participated in the preparation of all provisions of this Agreement and General Release.

15. **Evidence**. The parties agree that this Agreement and General Release may be used as evidence only in a subsequent proceeding in which any of the parties allege a breach of this Agreement and General Release.

16. **Authority and Ownership of Claims**. The parties represent and warrant that they are authorized and entitled to sign this Agreement and General Release, that no other person or entity has any interest in the matters released in this Agreement and General Release, and that

the parties own and have not sold, pledged, hypothecated, assigned or transferred or purported to sell, pledge, hypothecate, assign or transfer to any person or entity all or any portion of the matters or claims released in this Agreement and General Release and that the parties will indemnify and hold harmless each other from any such claim that may be asserted against the other by any other person or entity.

17. **Indemnification.** Williams acknowledges that the Company assumes no liability or responsibility with regard to (or as a result of) the ultimate tax treatment of the proceeds paid to him pursuant to paragraph 2 of this Agreement. Williams, his heirs, distributees, executors, administrators, personal representatives, successors, and assigns agree to hold the Company harmless against, and to indemnify the Company for any and all claims by the Internal Revenue Service, or any other taxing authority or governmental agency (whether federal, state, or local), which may be made against the Company for any resulting payment (including, without limitation, all penalties and interest) to the Internal Revenue Service, or any other taxing authority or governmental agency, that the Company must make in respect of such claim(s).

18. **Future Employment.** Williams recognizes and acknowledges that his employment relationship with the Company has been permanently and irrevocably severed and that he is therefore not eligible for rehire or re-employment with the Company at any time in the future and hence covenants that at no time will he seek employment with or to be hired by the Company. Williams acknowledges and agrees that if he does seek such employment or relationship, a rejection will not constitute a violation of this Agreement or any law, and he will not claim that such rejection is a violation of this Agreement or any law. Williams acknowledges further that such representation constitutes a material inducement for the Company entering into this Agreement

19. **Employment Reference.** In response to any requests for a reference on Williams by a prospective employer, the Company agrees to provide a neutral reference that includes only Williams's dates of employment and last position held. If requested in writing by Williams, the Company will also provide Williams's last salary.

**THIS SPACE INTENTIONALLY LEFT BLANK**

CAUTION:

READ BEFORE SIGNING

I HAVE READ ALL OF THIS AGREEMENT AND GENERAL RELEASE WITH MY ATTORNEY. MY ATTORNEY HAS DISCUSSED THE ENTIRE CONTENTS OF THIS AGREEMENT AND GENERAL RELEASE WITH ME AND I UNDERSTAND ALL PARAGRAPHS CONTAINED IN THIS AGREEMENT AND GENERAL RELEASE. I STATE THAT I AM SIGNING THIS AGREEMENT AND GENERAL RELEASE AS MY OWN FREE ACT AND DEED.

_____
STEVE WILLIAMS

STATE OF FLORIDA       )
                       : ss.:
COUNTY OF Miami-Dade   )

I HEREBY CERTIFY that on this day, before me, an officer duly authorized in the State and County aforesaid to take acknowledgments, personally appeared STEVE WILLIAMS, to me known to be the person described in and who executed the foregoing instrument, and he acknowledged to and before me that he executed the same. He is personally known to me or has produced W452-798-85-094-0 as identification and did take an oath.

SWORN TO AND SUBSCRIBED before me this 31 day of July, 2012.

_____
Notary Public
Print Name: Debora Ros
Commission Expires: June 28, 2013

DEBORA ROS DE FLORES
Notary Public - State of Florida
My Comm. Expires Jun 28, 2013
Commission # DD 902967
Bonded Through National Notary Assn.

8

SEACREST SERVICES, INC.

By: _____
Print Name  LESLIE GUERRERO
Title:  DIR. Human Resources

STATE OF FLORIDA        )
                        : ss.:
COUNTY OF Palm Beach    )

I HEREBY CERTIFY that on this day, before me, an officer duly authorized in the State and County aforesaid to take acknowledgment, personally appeared Leslie Guerrero, on behalf of SEACREST SERVICES, INC., to me known to the person described in and who executed the foregoing instrument, and he acknowledged to and before me that he executed the same. He/She is personally known to me or has produced _____ as identification and did take an oath.

SWORN TO AND SUBSCRIBED before me this  8  day of  Aug 2012 , 2012.

MARY A. DABNEY
MY COMMISSION # EE 040595
EXPIRES: March 6, 2015
Bonded Thru Notary Public Underwriters
(Seal)

_____
Notary Public

Print Name:
Commission Expires:

_Richard K. Fowler_

RICHARD K. FOWLER

STATE OF FLORIDA         )
                         : ss.:
COUNTY OF Palm Beach     )

I HEREBY CERTIFY that on this day, before me, an officer duly authorized in the State and County aforesaid to take acknowledgments, personally appeared RICHARD K. FOWLER, to me known to be the person described in and who executed the foregoing instrument, and he acknowledged to and before me that he executed the same. He is personally known to me or has produced _____ as identification and did take an oath.

SWORN TO AND SUBSCRIBED before me this 8 day of July, 2012, 2012.

{seal}  MARY A. DABNEY
        MY COMMISSION # EE 040595
        EXPIRES: March 6, 2015
        Bonded Thru Notary Public Underwriters

_Mary A Dabney_
Notary Public
Print Name:
Commission Expires:

10

## Exhibit A

## **GENERAL RELEASE**

General Release executed this _____ day of July, 2012 by Steve Williams ("Williams");

For and in consideration of the promises set forth in the Agreement and General Release between Seacrest Services, Inc. and Richard K. Fowler (collectively, the "Company") and Williams, dated July ____, 2012 (the "Agreement"), including the benefits as set forth herein, and for other valuable consideration as set forth in the Agreement, Williams for himself and for his heirs, executors, administrators, trustees, legal representatives and assigns (hereinafter, collectively referred to as "Releasors"), hereby forever release and discharge the Company and any of its past, present, or future parent corporations, subsidiaries, divisions, affiliates, officers, directors, agents, trustees, administrators, insurers, attorneys, employees, employee benefit and/or pension plans or funds (including qualified and non-qualified plans or funds), successors and/or assigns and any of its or their past, present or future parent corporations, subsidiaries, divisions, affiliates, officers, directors, agents, trustees, administrators, insurers, attorneys, employees, employee benefit and/or pension plans or funds (including qualified and non-qualified plans or funds), successors and/or assigns (whether acting as agents for the Company or in their individual capacities) (collectively referred to as "Releasees") from any and all claims, demands, causes of action, and liabilities of any kind whatsoever (upon any legal or equitable theory, whether contractual, common-law, statutory, federal, state, local, or otherwise), whether known or unknown, by reason of any act, omission, transaction or occurrence which Releasors ever had, now have or hereafter can, shall or may have against Releasees up to and including the date of the execution of this General Release, with the exception of Williams's Workers' Compensation Claim.

Without limiting the generality of the foregoing, Releasors hereby release and discharge Releasees from:

(i) any and all claims relating to Williams's employment by the Company and the terms and conditions of such employment and/or employee benefits related to his employment, Williams's separation from his employment at the Company, and/or any of the events relating directly or indirectly to or surrounding such separation; with the exception of Williams's Workers' Compensation Claim;

(ii) any and all claims of discrimination, harassment, whistle blowing or retaliation in employment (whether based on federal, state or local law, statutory or decisional), including without limitation, all claims under the Fair Labor Standards Act, as amended, the Title VII of the Civil Rights Act of 1964, as amended, the Americans with Disabilities Act, the Civil Rights Act of 1991, the Reconstruction Era Civil Rights Act of 1866, 42 USC §§ 1981-86, as amended, the Rehabilitation Act of 1973, the Equal Pay Act, the Family and Medical Leave Act, the Employee Retirement Income Security Act ("ERISA"), the Sarbanes-Oxley Act of 2002, the Florida Civil Rights Act of 1992 f/k/a Human Rights Act of 1977, Fla. Stat. § 760.01 *et seq.*; Florida Equal Pay Law, Fla. Stat. § 448.07, Fla. Stat. § 725.07; Florida AIDS Act, Fla. Stat. § 760.50; Florida Law Sickle-Cell Trait Discrimination Law, Fla.

11

Stat. §§ 448.075, 448.076; Florida Private Whistleblower Protection Law, Fla. Stat. § 448.101 *et seq.*; Florida Public Whistle-Blower's Act, Fla. Stat. § 112.3187 *et seq.*; Florida Worker's Compensation Retaliation Law, Fla. Stat. § 440.205; Florida Unpaid Wages Law, Fla. Stat. § 448.08; Florida Minimum Wage Act, Fla. Stat. §§ 448.109, 448.110; Florida Leave to Victims of Domestic Violence Act, Fla. Stat. § 741.313; and waivable rights under the Florida Constitution;

    (iii) any and all claims for wrongful discharge, retaliatory discharge or any other retaliation;

    (iv) any and all claims for damages of any kind whatsoever, including without limitation compensatory, punitive, treble, liquidated and/or consequential damages, with the exception of Williams's Workers' Compensation Claim;

    (v) any and all claims under any contract, whether express or implied;

    (vi) any and all claims for unintentional or intentional torts, for emotional distress and for pain and suffering;

    (vii) any and all claims for violation of any statutory or administrative rules, regulations or codes;

    (viii) any and all claims for attorneys' fees, costs, disbursements, wages, bonuses, benefits, vacation and/or the like,

which Releasors ever had, now have or hereafter can, shall or may have against Releasees for, upon or by reason of any act, omission, transaction or occurrence up to and including the date of the execution of this General Release, including any and all claims that were raised or could have been raised in the Action, with the exception of Williams's Workers' Compensation Claim.

This General Release may not be changed orally.

Williams represents and warrants that he has had the opportunity to consult with an attorney before signing this General Release; that he has had the opportunity to consider the terms of this General Release for a reasonable period of time prior to its execution; and that he has executed this General Release after consulting with an attorney of his choice, who has answered to his satisfaction any and all questions he has regarding this General Release, its terms and consequences. Williams further represents and warrants that he has read this General Release in its entirety, fully understands all of its terms, and voluntarily assents to all terms and conditions contained herein.

**THIS SPACE INTENTIONALLY LEFT BLANK**

_____
STEVE WILLIAMS

STATE OF FLORIDA )
: ss.:
COUNTY OF Miami-Dade )

I HEREBY CERTIFY that on this day, before me, an officer duly authorized in the State and County aforesaid to take acknowledgments, personally appeared STEVE WILLIAMS, to me known to be the person described in and who executed the foregoing instrument, and he acknowledged to and before me that he executed the same. He is personally known to me or has produced W-452-398-85-091-0 as identification and did take an oath.

SWORN TO AND SUBSCRIBED before me this 31 day of July, 2012.

DEBORA ROS DE FLORES
Notary Public - State of Florida
My Comm. Expires Jun 28, 2013
Commission # DD 902967
Bonded Through National Notary Assn.

Notary Public
Print Name: Debora Ros
Commission Expires: June 28, 2013

13